# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JOHN DOE P; JOHN DOE Q; JOHN DOE R; AND JOHN DOE S, as individuals and on behalf of others similarly situated, | No. 56345-2-II |
| Respondents, | |
| v. | |
| THURSTON COUNTY, a municipal organization, and its departments the THURSTON COUNTY PROSECUTING ATTORNEY and THURSTON COUNTY SHERIFF, | |
| Defendants, | UNPUBLISHED OPINION |
| and | |
| DONNA ZINK, a married woman, | |
| Appellant. | |

CRUSER, J. – Donna Zink appeals the trial court's order allowing John Doe P, John Doe Q, John Doe R, and John Doe S to proceed under a pseudonym, arguing that the court abused its discretion when it determined the Does had a safety interest in remaining anonymous and faced serious and imminent harm if their identities as the plaintiffs in this case were revealed. We hold that the trial court did not abuse its discretion and, accordingly, we affirm.

FACTS

I. DOES' COMPLAINT AND FIRST APPEAL

Zink submitted a public records request to Thurston County for all special sex offender sentencing alternative (SSOSA) evaluations, all special sex offender disposition alternative (SSODA) evaluations, all victim impact statements, Thurston County's list of all sex offenders registered in the county, and all sex offenders' registration forms. The Does moved to enjoin Thurston County from releasing those records because the records would identify the Does as convicted sex offenders as well as release other personal information. The Does noted that as level I offenders their information is not posted online, unless they are out of compliance with the registration requirements.

Shortly after the Does filed suit, the Does moved to proceed under a pseudonym. The court granted this motion. The court's order allowing the Does to remain anonymous did not indicate that the court considered GR 15, the rule under which a court may seal court records, or the *Ishikawa*[1] factors.

The trial court also granted the Does' motion for a permanent injunction, enjoining the County "from releasing unredacted records" to Zink. Clerk's Papers (CP) at 33.

Zink appealed both orders. We held in that appeal that the registration records and the unredacted SSOSAs must be released but the trial court properly enjoined the production of the unredacted SSODAs. *John Doe P v. Thurston County*, 199 Wn. App. 280, 283, 399 P.3d 1195 (2017), *vacated on remand*, No. 48000-0-II (Wash. Ct. App. Oct. 2, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2048000-0-II%20Unpublished%20Opinion.pdf.

---

[1] *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 640 P.2d 716 (1982).

No. 56345-2-II

Regarding the order allowing the plaintiffs to use a pseudonym, we reversed because the court failed to consider the *Ishikawa* factors prior to entering the order. *Id.* at 12-13. We then remanded "for further proceedings consistent with this opinion." *Id.* at 13.

## II. REMAND

On remand, the Does again moved for an order allowing them to proceed under a pseudonym.

The trial court noted that "the merits of this case have already been addressed" and all that remained was to address whether the Does could proceed under a pseudonym. CP at 371. The court considered GR 15 and analyzed the five *Ishikawa* factors. Relevant to this appeal, the court explained that the Does had raised a sufficient privacy or safety concern that would be threatened by the release of the Does' names, satisfying the first *Ishikawa* factor. In the declarations, the Does described the social and physical harm that comes from being publicly identified as a sex offender. The court concluded that the Does could remain anonymous until March 9, 2022, at which point the court clerk was instructed to unseal the record and disclose the Does' identities unless another order was entered that stated the clerk should do otherwise.

Zink appeals.

## DISCUSSION

## I. MOOT

The question of whether the trial court erred in allowing the Does to remain anonymous until March 9, 2022 is now moot because the time frame for the order has passed and we can no

3

longer provide meaningful relief.[2] *In re Dependency of T.P.*, 12 Wn. App. 2d 538, 544, 458 P.3d 825 (2020).

However, a court still may consider a moot issue if it is a matter of continuing and substantial public importance. *Id.* at 545. In determining whether a contested issue is of substantial and continuing public importance, we consider if " '(1) the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur.' " *Id.* (quoting *In re Marriage of Horner*, 151 Wn.2d 884, 892, 93 P.3d 124 (2004)). "We may also consider the likelihood that the issue will continue to evade review due to the short-lived nature of the facts in controversy." *Id.*

We conclude, under the public interest exception, that it is appropriate to consider whether the court abused its discretion in concluding that the Does demonstrated a safety interest in remaining anonymous and that there was a substantial and imminent threat to that interest.

---

[2] We recognize that a week before we conferenced this case, the Does filed a motion in which they claimed the trial court had entered two orders since we took review of the case. The first order extended the original order to two calendar days after our conference date for this case, and the second order (which was not transmitted to us) purportedly extended the original order another eight months. The first order does not cure the mootness of this case because it lapsed before we could issue a decision. The second order was not included in the motion filed with this court. Rather, the motion merely included an unfiled superior court motion *seeking* the second extension order.

We would be remiss to ignore the incongruity in Zink's claims of harm arising from the nondisclosure of this information while *actively participating* in the delay of its release by agreeing to the first order extension. She appears to have agreed to the second purported order extension as well. Moreover, the extension of these sealing orders by mere stipulation of the parties is questionable. In the first appeal in this case, we reversed the trial court for failing to consider GR 15 and the *Ishikawa* factors before entering a sealing order. We have been provided no information by the parties that GR 15 and the *Ishikawa* factors were considered prior to these extension orders, including the opportunity of the public to object.

## II. PSEUDONYM ORDER

Zink argues that the trial court abused its discretion in granting the order allowing the Does to proceed under a pseudonym because the facts of this case are insufficient to meet the standard required to conceal a party's name under GR 15 or the *Ishikawa* factors. We disagree.

### A. STANDARD OF REVIEW

A trial court's decision to seal a court record is reviewed for an abuse of discretion. *Rufer v. Abbott Lab'ys*, 154 Wn.2d 530, 540, 114 P.3d 1182 (2005). A trial court abuses its discretion if the court's " 'decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons.' " *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Blackwell*, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993)). A decision is manifestly unreasonable if no other reasonable person would make the same decision. *Id.* A decision based on untenable grounds occurs if the decision rests on facts unsupported by the record, and a decision on untenable reasons is when the courts applies the wrong legal standard. *Id.*

### B. LEGAL PRINCIPLES

Article I, section 10 of the Washington Constitution guarantees the open administration of justice, which includes public access to court records. *Dreiling v. Jain*, 151 Wn.2d 900, 908, 93 P.3d 861 (2004). When the court considers whether to redact information that is covered by article 1, section 10 the court must: "(1) identify the need to seal court records, (2) allow anyone present in the courtroom an opportunity to object, (3) determine whether the requested method is the least restrictive means of protecting the interests threatened, (4) weigh the competing interests and consider alternative methods, and (5) issue an order no broader than necessary." *John Doe G v. Dep't of Corr.*, 190 Wn.2d 185, 199-201, 410 P.3d 1156 (2018). "If closure and/or sealing is sought

to further any right or interest besides the defendant's right to a fair trial, a 'serious and imminent threat to some other important interest' must be shown." *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 37, 640 P.2d 716 (1982).

Additionally, under GR 15, prior to sealing or redacting a court record a trial court must "enter[ ] written findings that the specific sealing or redaction is justified by identified compelling privacy or safety concerns that outweigh the public interest in access to the court record" after having a hearing on the matter.

These principles apply to the redaction or withholding of sex offender records held by the court. *John Doe G*, 190 Wn.2d at 201.

C. ANALYSIS

Here, the trial court entered an order allowing the Does to remain anonymous for a period of 12 months. Zink argues that the trial court abused its discretion in finding that the Does would not have brought the suit in this case had they not believed they could proceed anonymously, and in concluding this is a sufficient safety interest justifying the temporary partial sealing of these court records. We disagree.

We believe the trial court appropriately weighed the Does' interest against the public's interest, relied only on facts supported by the record, and applied the correct legal standard in reaching its decision. With respect to the Does' assertion that they would not have filed suit had they not been able to file under pseudonyms, the trial court made a credibility assessment in its consideration of this assertion, and we do not reassess credibility determinations on appeal. *In re Det. of A.F.*, 20 Wn. App. 2d 115, 125, 498 P.3d 1006 (2021), *review denied*, 199 Wn.2d 1009 (2022). The trial court correctly concluded that allowing the Does to proceed in pseudonym was

necessary to facilitate a determination on the merits of whether Zink was entitled to the court record she sought.

Moreover, the court recognized that the sealing order must be no broader than necessary, and set a twelve month expiration of the order absent a further showing of a compelling interest by the Does. We find no abuse of discretion.[3]

CONCLUSION

The trial court did not err in entering the March 10, 2021 partial sealing order. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

GLASGOW, J.

PRICE, J.

---

[3] Zink relies on *Hundtofte v. Encarnacion*, 181 Wn.2d 1, 330 P.3d 168 (2014) (plurality opinion) in support of her arguments. *Hundofte*, however, is inapposite to this case.